Kathy A. Le (SBN 279690)
Kathy.Le@jacksonlewis.com
Kelli M. Dreger (SBN 267404)
Kelli.Dreger@jacksonlewis.com
Lauren B. Shelby (SBN 312879)
Lauren.Shelby@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360

Attorneys for Defendants
WYNDHAM VACATION RESORTS, INC.,
WYNDHAM DESTINATIONS, INC. (erroneously
sued as "WYNDHAM DESTINATIONS"), and
WYNDHAM VACATION OWNERSHIP, INC.
(erroneously sued as "WYNDHAM VACATION OWNERSHIP"
and "WYNDHAM VACATION OWNERSHIP INC.")

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALINDA LAMAR, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>WYNDHAM VACATION RESORTS, INC., a Delaware corporation; WYNDHAM DESTINATIONS, an entity of unknown form; WYNDHAM VACATION OWNERSHIP, an entity of unknown form; WYNDHAM VACATION OWNERSHIP INC., an entity of unknown form; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. 3:25-cv-4191<br><br>Removed from Lake County Superior Court, Case No. CV426886<br><br>District Court Judge:<br>Magistrate Judge:<br><br>**DEFENDANTS WYNDHAM VACATION RESORTS. INC.. WYNDHAM DESTINATIONS. INC.. AND WYNDHAM VACATION OWNERSHIP. INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA – PURSUANT TO 28 U.S.C. §§ 1332(a). 1367(a). 1441(a) and 1441(b). and 1446**<br><br>**[DIVERSITY AND SUPPLEMENTAL JURISDICTION]**<br><br>Complaint Filed:  March 28, 2025 |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** WYNDHAM VACATION RESORTS, INC., WYNDHAM DESTINATIONS, INC. (erroneously sued as "WYNDHAM DESTINATIONS"), and WYNDHAM VACATION OWNERSHIP, INC. ("WVO") (erroneously sued as "WYNDHAM VACATION OWNERSHIP" and "WYNDHAM VACATION OWNERSHIP INC.") (collectively, "Defendants"), Defendants in the above-titled action, hereby remove this matter to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1332, § 1367(a), § 1441 (a) and (b), and § 1446. Defendants hereby provide "a short and plain statement of the grounds for removal," pursuant to 28 U.S.C. § 1446(a). In the event the Court requires that Defendants prove the facts alleged in this pleading, or otherwise establish jurisdiction, Defendants are prepared to do so. The grounds for removal are as follows:

<u>**Nature of Action and Claims**</u>

1.      On or about March 28, 2025, Plaintiff SALINDA LAMAR ("Plaintiff") commenced this action by filing a putative class action complaint ("Complaint") against Defendants in the Superior Court of the State of California for the County of Lake, Case No. CV426886, captioned *Salinda Lamar v. Wyndham Vacation Resorts, Inc., et al.* (herein "the State Court Action"), alleging the following thirteen causes of action for:  (1) failure to pay minimum wages; (2) failure to pay wages and overtime under Labor Code § 510; (3) meal-period liability under Labor Code § 226.7; (4) rest-break liability under Labor Code § 226.7; (5) failure to pay vacation wages; (6) failure to comply with Labor Code §§ 245, *et seq*. and 246; (7) reimbursement of necessary business expenditures under Labor Code § 2802; (8) violation of Labor Code § 226(a); (9) failure to keep required payroll records under Labor Code §§ 1174 and 1174.5; (10) Violation of Labor Code § 221; (11) failure to pay wages due, negotiable and payable in cash on demand under Labor Code §§ 212 and 225.5; (12) penalties pursuant to Labor Code § 203; and (13) violation of Business & Professions Code § 17200, *et seq*. A true and correct copy

of the Summons, Complaint, and Civil Case Cover Sheet is attached as **Exhibit A** to the Declaration of Kathy A. Le ("Le Decl."), filed concurrently with this Notice of Removal.

2.      Plaintiff served Defendant Wyndham Vacation Resorts, Inc. with the Complaint personally pursuant to California Code of Civil Procedure § 416.10, by personally delivering the Summons and Complaint on April 15, 2025, to Defendant Wyndham Vacation Resorts, Inc.'s agent for service of process. (Le Decl., ¶ 2; Declaration of Laurie Saltzman-Kovatch ("Saltzman-Kovatch Decl."), ¶ 2.)

3.      Defendant WVO is a wholly owned subsidiary of Wyndham Destinations, Inc., the former name of WVO's parent company. Previously, while under the former parent company, WVO did business as "Wyndham Destinations." At no time did Wyndham Destinations, Inc. (erroneously sued as "Wyndham Destinations") employ Plaintiff and it is therefore not a proper Defendant in this action. At no time did Defendant Wyndham Vacation Resorts, Inc. employ Plaintiff and it is therefore not a proper Defendant in this action. WVO was, at all relevant times, Plaintiff's employer. (Saltzman-Kovatch Decl., ¶ 2.)

4.      The Complaint does not specify the dollar amount of damages being sought. (Le Decl., ¶¶ 3, 5, Exh. A.)

### Compliance with Statutory Requirements

5.      Defendants' removal is timely because it has been filed within thirty (30) days after Defendants first ascertained the case was removable, which was April 15, 2025. (Le Decl., ¶ 4; *See* 28 U.S.C. § 1446(b)(3); Cal. Code Civ. P., § 412.20(a)(3).) Thus, Defendants' removal is therefore filed within the time period mandated by 28 U.S.C. § 1446(b)(3).

6.      In accordance with 28 U.S.C. § 1446(a), Exhibits A and B to the Le Decl., filed herewith, constitute all pleadings and court orders that Defendants are aware of having been filed in the State Court Action as of the date of filing this Notice of Removal. (Le Decl., ¶¶ 5-7, Exhs. A and B.)

7.      Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be served promptly on Plaintiff's counsel and filed with the Clerk of the Lake County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

## Venue is Proper

8.      Venue of this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because Plaintiff's State Court Action was filed in this district and Plaintiff alleges that this is the judicial district in which the action arose.

## Jurisdiction is Proper

9.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. . . ." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and diversity of citizenship exists between Plaintiff and all named Defendants.

## Diversity of Citizenship

10.     Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

11.     For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).

12.     Defendants are informed and believe, as alleged by Plaintiff in the Complaint, that Plaintiff was, at the time this action was commenced, and still is, a resident

of Lake County, California and a citizen of the State of California. (*See*, Le Decl., Exh. A, Complaint at ¶ 2; Saltzman-Kovatch Decl., ¶ 16.)

13.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has confirmed that to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). In relevant part, the Court explained, as follows:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id*. at 92-93.

14.    Defendant WVO (erroneously sued as "Wyndham Vacation Ownership Inc." and "Wyndham Vacation Ownership") is incorporated and organized under the laws of the State of Delaware, with its headquarters and principal places of business in the State of Florida. (Saltzman-Kovatch Decl., ¶ 3.) Throughout the pendency of the State Court Action, WVO was and is a Delaware entity with its principal place of business in the State of Florida. (*Id.* at ¶¶ 4-6.) WVO is not a citizen of the State of California.

15.    Defendant Wyndham Destinations, Inc. (erroneously sued as "Wyndham Destinations") is the former name of WVO's parent company and is incorporated and organized under the laws of the State of Delaware, with its headquarters and principal places of business in the State of Florida. (*Id*., ¶ 7.) Throughout the pendency of the State Court Action, Defendant Wyndham Destinations, Inc. (erroneously sued as "Wyndham Destinations") was and is a Delaware entity with its principal place of business in the State of Florida. (*Id.* at ¶¶ 8-10.) Defendant Wyndham Destinations, Inc. (erroneously sued as "Wyndham Destinations") is not a citizen of the State of California.

16.     Defendant Wyndham Vacation Resorts, Inc., is incorporated and organized under the laws of the State of Delaware, with its headquarters and principal places of business in the State of Florida. (*Id.*, ¶ 11.) Throughout the pendency of the State Court Action, Defendant Wyndham Vacation Resorts, Inc. was and is a Delaware entity with its principal place of business in the State of Florida. (*Id.* at ¶¶ 12-14.) Defendant Wyndham Vacation Resorts, Inc. is not a citizen of the State of California.

17.     For purposes of removal, the citizenship of Doe defendants is disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *Accord, Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)).

18.     Does 1 through 50, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The citizenship of these Doe defendants must be disregarded for the purposes of determining diversity jurisdiction, and thus cannot destroy the diversity of citizenship between the parties in this case. 28 U.S.C. § 1441(a). *Accord, Newcombe*, 157 F.3d at 690-91 (citing 28 U.S.C. § 1441(a).) Furthermore, because the Doe defendants have not yet been served, they need not join or consent to Defendants' Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in the state court action need not join in the notice of removal), superseded by statute on other grounds in *Ethridge v. Harbor House Rest.,* 861 F.2d 1389 (9th Cir. 1988).

19.     The State Court Action is therefore pending between citizens of different states under the definition of 28 U.S.C. § 1332.

## Amount in Controversy

20.     Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy for Plaintiff's claims exceeds the sum of $75,000, exclusive of interests and costs, for the reasons discussed below. 28 U.S.C. § 1332(a).

21.     The Complaint does not specify the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(a) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment, and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000; *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp.25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim."). A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997). Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorneys' fees. *See e.g.*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorneys' fees can be considered in determining whether the jurisdictional amount is met.").

22.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability,"), citing also *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the

rights being litigated.") The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 843, n.1 (9th Cir. 2002).

23.     The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevailed. *Lewis v. Verizon Comm'ns, Inc*., 627 F.3d 395, 401 (9th Cir. 2010); *see also Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400.

24.     Moreover, the amount in controversy may also include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See e.g*., *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

25.     Defendants have a reasonable, good faith belief that Plaintiff seeks damages in excess of the $75,000 jurisdictional requirement, notwithstanding the fact that the Complaint does not specify the dollar amount of damages being sought, for the following reasons:

      a.  Plaintiff's Prayer for Relief seeks (among other things) compensatory damages, waiting time penalties, unpaid wages, unpaid overtime compensation, unpaid minimum wages and interest, premium pay, penalties, restitution, disgorgement of profits, unreimbursed business expenditures, , general, special, and incidental damages, and other related benefits. (*See*, Le. Decl., Exh. A, Complaint, Relief Requested.)

      b.   Plaintiff is also seeking attorneys' fees. (*Id*. at Relief Requested; *see also Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002))

(holding that "while attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages [related to the plaintiff's discrimination claim], the jurisdictional minimum is clearly satisfied.") If Plaintiff was to prevail on any of her claims that provide for attorneys' fees, her attorneys' fees alone would exceed $75,000. Plaintiff's attorney, Emil Davtyan, was admitted to practice in California in 2014. *See*, California State Bar website for Mr. Davtyan's information at https://apps.calbar.ca.gov/attorney/Licensee/Detail/299363.    Plaintiff's attorney, David Yeremian, was admitted to practice in California in 2003. *See*, California State Bar website for Mr. Yeremian information at https://apps.calbar.ca.gov/attorney/Licensee/Detail/226337.    Plaintiff's attorney, Roman Shkodnik, was admitted to practice in California in 2012. *See*, California State Bar website for Mr. Shkodnik's information at https://apps.calbar.ca.gov/attorney/Licensee/Detail/285152.    Plaintiff's attorney, Emma Geesaman, was admitted to practice in California in 2023. *See*, California State Bar website for Ms. Geesaman's information at https://apps.calbar.ca.gov/attorney/Licensee/Detail/352715.    Defendant's attorney, Kathy A. Le, has represented employers in employment litigation for over 13 years in California, and is familiar with fees requested by plaintiffs' counsel in similar actions filed in California state and federal courts alleging wage and hour violations, and related claims. (*See*, Le Decl., ¶¶ 8-9.) Based on Mr. Davtyan, Mr. Yeremian, Mr. Shkodnik, and Ms. Geesaman's experience and Plaintiff's allegations, it would not be unreasonable to expect that Plaintiff's attorneys' fees will exceed the sum of $150,000 through trial. (*Id.*)

26.    Accordingly, taking all of the above together, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be said to a legal

certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

27.     Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. § 1332(a).

### **Supplemental Jurisdiction**

28.     Where diversity jurisdiction exists as to any claim, the district courts shall have supplemental jurisdiction "over *all other claims* that are so related to claims in the action within such original jurisdiction that they form *part of the same case or controversy under Article III*…" 28 U.S.C. § 1367(a) (emphasis added).

29.     Moreover, where the amount in controversy requirement for diversity jurisdiction is satisfied as to a plaintiff's claim, the district court may adjudicate other state law claims for lesser amounts if they are part of the "same Article III case or controversy," including claims by unnamed members of a class on whose behalf the action is brought. *Exxon Mobil Corp. v. Allapattah Services, Inc*. 545 U.S. 546 566-567 (2005) (held the court could exercise supplemental jurisdiction over other class members' claims because at least one class member's claim met the jurisdictional minimum).

30.     Supplemental jurisdiction exists here because Plaintiff's claims brought on behalf of the putative class arise from a "common nucleus of operative facts" (i.e., the alleged claims stem from putative class members' alleged employment with Defendants and Defendants' wage and hour policies and practices) so that considerations of judicial economy, convenience and fairness to litigants favor trial in a single proceeding. Accordingly, the alleged claims of the unnamed putative class members whom Plaintiff seeks to represent are so related to Plaintiff's claims that they form part of the same case or controversy.

/ / /

/ / /

31.    WHEREFORE, Defendants respectfully request that the State Court Action be removed from the Superior Court of the State of California for the County of Lake to this Court.

DATED:  May 15, 2025                    JACKSON LEWIS P.C.


                                By:    */s/ Lauren B. Shelby*
                                Kathy A. Le
                                Kelli M. Dreger
                                Lauren B. Shelby

                                Attorneys for Defendants
                                WYNDHAM VACATION RESORTS, INC.,
                                WYNDHAM DESTINATIONS, INC.
                                (erroneously sued as "WYNDHAM
                                DESTINATIONS"), and WYNDHAM
                                VACATION OWNERSHIP, INC. (erroneously
                                sued as "WYNDHAM VACATION
                                OWNERSHIP" and "WYNDHAM VACATION
                                OWNERSHIP INC.")

## CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

**CASE NAME:**    *Salinda Lamar v. Wyndham Vacation Resorts, Inc., et al.*

**CASE NO.:**

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

    On May 15, 2025, I caused the foregoing document(s) described as: **DEFENDANTS WYNDHAM VACATION RESORTS, INC., WYNDHAM DESTINATIONS, INC., AND WYNDHAM VACATION OWNERSHIP, INC.'S NOTICE OF REMOVAL** to be served on all interested parties in this action as follows:

| | |
|---|---|
| Emil Davtyan<br>David Yeremian<br>Roman Shkodnik<br>Emma Geesaman<br>D. Law, Inc.<br>450 N. Brand Blvd., Suite 840<br>Glendale, CA 91203 | Attorneys for Plaintiff<br>SALINDA LAMAR<br><br>Telephone:  (818) 962-6465<br>Email: emil@d.law<br>d.yeremian@d.law<br>r.shkodnik@d.law<br>e.geesaman@d.law |

**[X]    BY MAIL:**

    **[X]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  I placed the above-named document[s] in an envelope, addressed to the party[ies] listed above.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    BY NOTICE OF ELECTRONIC FILING.**  The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E) and L.R. 5.4 (c)-(d)

    **[X]    FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on May 15, 2025, at Irvine, California.

        */s/ Stacy Boura*
        Stacy Boura